Elaine L. CHAO, Secretary of Labor,
U.S. Department of Labor,
Plaintiff—Appellee,

v.

Edward DEARMAN, an individual;
Alan Dearman, an individual; West-
field Precision Products, Inc., a Cali-
fornia Corporation, Defendants—Ap-
pellants.

No. 04–56136.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed June 20, 2006.

Suzanne M. Fischer, Esq., Office of the Solicitor United States Department of Labor, San Francisco, CA, for Plaintiff–Appellee.

Gail A. Perry, Esq., U.S. Department of Labor Plan Benefits Security Division, Washington, DC, Robert F. Kull, Esq.,

Los Angeles, CA, for Defendants–Appellants.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

## MEMORANDUM *

Edward Dearman, Alan Dearman, and Westfield Precision Products, Inc. ("Westfield") (collectively "the Dearmans") appeal the district court's judgment, entered in favor of the Secretary of Labor after a bench trial, in the Secretary's action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. Because the parties are familiar with the facts and history of this case, we will not recount them here.

In this appeal, the Dearmans do not dispute the basic history of their self-interested dealings with the Westfield Employee Stock Ownership Plan ("ESOP"), or their failure to fulfill the exacting duties required of ERISA fiduciaries. The central claim raised by the Dearmans is that the district court erred in calculating the fair market value of Westfield stock held by the ESOP, and in finding based on those calculations that the ESOP suffered substantial losses because of appellants' violations of ERISA.

We review the district court's determination of the value of stock for clear error. *Trust Servs. of Am., Inc. v. United States,* 885 F.2d 561, 568 (9th Cir.1989). Because "precise calculations are impractical, [the district court is] permitted significant leeway in calculating a reasonable approximation of the damages suffered." *Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.,* 259 F.3d 1036, 1047 (9th Cir.2001). With those principles in mind, we turn to the issues in this case.

1. After considering all of the Dearmans' arguments, we find no clear error in the district court's decision to use the 1996 Tuerk valuation to estimate the fair market value of the Westfield stock owned by the ESOP. The district court could have reasonably chosen other methods, but was within its discretion to credit the 1996 valuation.

2. The district court also did not clearly err in its estimation of unpaid tax liabilities. The Dearmans contend that the district court should have reduced Westfield's value by $1.7 million rather than $856,500. However, the Dearmans themselves used the $856,500 figure in calculating the ESOP stock value when they terminated the ESOP. Thus, the district court was within its discretion to use that figure in assessing probable tax liability, although the record could well have supported a different conclusion. Further, Westfield eventually settled the tax liability for approximately $840,000. Although that figure was not known when the ESOP was terminated, it confirms the reasonableness of the district court's determination.

3. The district court did not clearly err in restoring to Westfield's value some of the excess post-retirement compensation Westfield paid to Alan Dearman. Although the methodology for that determination may have been novel, it was well within the court's wide discretion in determining value. There was no clear error.

4. The district court did not clearly err in electing not to apply a discount for lack of marketability. As we noted in rejecting a similar challenge to the denial of a marketability discount, al-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

though marketability discounts are often given in valuations, "courts of appeal have rarely, if ever, found error in the failure to grant such a discount." *Estate of O'Connell v. Commissioner*, 640 F.2d 249, 253–54 (9th Cir.1981). Given the fact that the original Tuerk report specifically referenced various factors affecting marketability and their impact on Westfield's value, the district court could reasonably have concluded that the original Tuerk valuation included such a discount. Similarly, the district court was within its discretion to reject the application of a minority shareholder discount, given the unique status of the ESOP vis-a-vis the majority shareholder. *See Howard v. Shay*, 100 F.3d 1484, 1489 (9th Cir.1996) (noting that minority discount may be questionable where purchaser of minority interest in fact gains corporate control). The district court's refusal to apply either a minority shareholder discount or a further marketability discount is also supported by the Dearmans' practice of not applying such discounts in any of their other transactions involving Westfield stock.

■ 5. The district court did not err in its refusal to make an adjustment for debt the ESOP purportedly owed to Westfield, given the indication in the corporate records that the debt had been forgiven.

■ 6. The district court did not err in removing the Dearmans as fiduciaries of the ESOP and enjoining them from serving as fiduciaries to any other ERISA plan. These remedies were well within the court's discretion and were supported by the record.

7. The district court did commit apparent error in applying modifications of Westfield's adjusted net worth directly to the company's value, rather than giving

the modifications the 40% weight given to adjusted net worth in the Tuerk appraisal's final determination of Westfield's value. However, this issue was not raised by the parties and is not properly before us. To forfend concern that this error produced a result at serious odds with the district court's valuation, we note that even if the correct methodology were employed, the difference between the resulting value and the value reached by the district court would not be significant.

### Conclusion

In sum, we conclude that the legal challenges raised by the Dearmans do not require reversal, and that the district court's valuation was well within the "significant leeway" we afford district courts "in calculating a reasonable approximation of the damages suffered." *Cal. Ironworkers Field Pension Trust*, 259 F.3d at 1047.

**AFFIRMED.**